FILED

**APPLICATION UNDER 28 U.S.C. § 2241 FOR WRIT OF** 2010 AUG 30  PH 1:43
**HABEAS CORPUS BY A PERSON IN STATE OR FEDERAL CUSTODY**
CLERK, U.S. DISTRICT COURT
(Do not use as a § 2254 or as a § 2255)
OCALA, FLORIDA

**UNITED STATES DISTRICT COURT**

_____ **District of** _Florida_ _____

Case No. _5:10-CV-437-OC-33 GRJ_
(Clerk will supply)

Name and Prison Number: _Derrick O. May 30314-007_

Place of Confinement: _U.S.P. Coleman 2-CLP_

Name of Applicant: _Derrick O. May_
(include name under which convicted)

Name of Respondent: _Mr. Martinez_
(Name of Warden)

**APPLICATION**

1.   Name and location of court which imposed the sentence you challenge: _Discipline_
_Housing Officer (DHO) USP Allenwood PA. (P.O.Box 3000 White Deer PA. 17887)_

2.   Date of judgment of conviction: _(DHO) Hearing 10-23-08_

3.   Length of sentence imposed: _60 days/DS and lose of (Phone Visit commissary)_

4.   Nature of offense(s) of conviction (all counts): _Assaulting with serious_
_injury._

_____

_____

5.   What was your plea as to each count?  (Check one)

     ■    Not Guilty

     ☐    Guilty

     ☐    Nolo contendere

Page 1 of 8

If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

N/A

6.  If you pleaded not guilty, what kind of trial did you have? (Check one) ☐ Jury ☒ Judge only

7.  Did you testify at the trial? ☒ Yes   ☐ No

8.  Did you appeal from the judgment of conviction? ☒ Yes   ☐ No

9.  If you did appeal, answer the following:

   (a)  Name of Court:   B-P-10 Regional Office

   (b)  Result:   denied

   (c)  Date of result and citation, if known:
        (self deffence)

   (d)  Grounds raised:   The Regional Office sided with the D.H.O.

   (e)  If you sought further review of the decision on appeal by a higher court, answer the following:

        (1)  Name of Court:   BP-11 Central Office

        (2)  Result:   denied

        (3)  Date of result and citation, if known:

        (4)  Grounds raised:   Sided with the D.H.O. (self deffence)

   (f)  If you filed a petition for certiorari or appeal in the Supreme Court of the United States as part of that direct appeal, answer the following:

        (1)  Name of Court:   Supreme Court of the United States

        (2)  Result:   N/A

        (3)  Date of result and citation, if known:

        (4)  Grounds raised:

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal (a post-conviction proceeding)?    ☐ Yes   ☑No

11. If your answer to 10 was "Yes," answer the following:

    (a)    First post-conviction proceeding:

        (1)    Name of Court: _____

        (2)    Nature of proceeding: _____

        (3)    Grounds raised: _____

                _____

        (4)    Did you receive an evidentiary hearing?    ☐ Yes   ☐ No

        (5)    Result: _____

        (6)    Date of result: _____

    (b)    Second post-conviction proceeding:

        (1)    Name of Court: _____

        (2)    Nature of proceeding: _____

        (3)    Grounds raised: _____

                _____

        (4)    Did you receive an evidentiary hearing?    ☐ Yes   ☐ No

        (5)    Result: _____

        (6)    Date of result: _____

    (c)    Did you appeal to the highest court having jurisdiction the result of the post-conviction proceeding(s)?

        (1)    First proceeding:       ☑ Yes   ☐ No

        (2)    Second proceeding:      ☑ Yes   ☐ No

(d)    If you did *not* appeal from the adverse result of the post-conviction proceeding(s), explain briefly why you did not:

_____

_____

12.    If you have *not* been convicted, answer the following:

(a)    Type of decision or action you challenge: _____

_____

(b)    Who made the decision? _____

(c)    Date of decision: _____

(d)    Was there a hearing of any kind?    ☐ Yes   ☐ No

Hearing conducted by: _____

Location and date: _____

Result: _____

## Exhaustion of Administrative Remedies

13.    If your claim concerns a FEDERAL PAROLE matter, answer the following:

(a)    Did you appeal the decision to the National Appeals Board of the U.S. Parole Commission?    ☐ Yes    ☐ No

(b)    Appeal filing date: _____

(c)    Grounds raised: _____

_____

(d)    Result: _____

(e)    Date of result: _____

14. If your claim concerns computation of your FEDERAL sentence, or a claim other than FEDERAL parole, answer the following:

    (a)    Did you attempt to resolve your complaint informally?    ☒ Yes   ☐ No

    (b)    Did you appeal to the Warden?    ☒ Yes   ☐ No

    (c)    Did you appeal to the Regional Director?    ☒ Yes   ☐ No

    (d)    Did you appeal to the General Counsel?    ☒ Yes   ☐ No

If you did not use the Administrative Remedy Procedure, explain why you did not do so:

_____

_____

15. If you are a STATE prisoner, answer the following:

Did you exhaust all administrative remedies available to you?   ☐ Yes   ☐ No

If you did not exhaust your administrative remedies, explain why you did not do so:

_____

_____

16. Have you filed any previous lawsuits related to your present claims(s)?  ☐ Yes  ☒ No

    (a)    Name and location of Court: _____

    (b)    Case number and style: _____

    (c)    Nature of lawsuit: _____

    (d)    Grounds raised: _____

    (e)    Result and date: _____

## Grounds for Relief

17.   State *concisely* every ground on which you claim that you are being held in violation of the Constitution, laws or treaties of the United States. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.

**CAUTION: If you fail to set forth all grounds in this application, you may be barred from presenting additional grounds at a later date.**

For your information, the following is a list of the most frequently raised grounds for relief in applications for writs of habeas corpus pursuant to 28 U.S.C. § 2241. You may raise any grounds which you may have other than those listed. However, you should raise in this application all available grounds (relating to this conviction or sentence) on which you base your allegations that you are being held in custody unlawfully.

**Do not** check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check one or more of these listed grounds.

(i)     U. S. Parole Commission unlawfully revoked my parole.
(ii)    Federal Bureau of Prisons unlawfully computed my sentence.
(iii)   Federal Bureau of Prisons unlawfully denied me credit for time served in state or federal prison.
(iv)    Federal Bureau of Prisons or State prison system unlawfully revoked my good-time credits.
(v)     There is an unlawful detainer lodged against me.
(vi)    I am a citizen and domiciliary of a foreign country and I am in custody for an act which I had a right to commit under the laws of my country.
(vii)   The act for which I was convicted is no longer considered to be a crime, and I cannot raise this issue in a § 2254 petition or a § 2255 motion.

(a)   Ground One: Supporting FACTS (state *briefly* without citing cases or law): Staff Rep. C. Flavers, violated my due process rights. When he did not advise the D.H.O that he was not familiar with the process.

(b)   Ground Two: Supporting FACTS (state *briefly* without citing cases or law): DHO T. Cerney violated my due-process when he did not make sure that the staff rep was familiar with the Disciplinary process.

(c)   Ground Three: Supporting FACTS (state *briefly* without citing cases or law): _____

Staff Rep. didn't follow any of the duties and procedures stated on the BP-Y 306.052. That he signed.

(d)   Ground Four: Supporting FACTS (state *briefly* without citing cases or law): My Right to call any witnesses was denied. I ask for inmates Reynaldo Solis and Earl Smith

18.   If any of the grounds listed in 17(a), (b), (c), and (d) were not previously presented in any other court, either state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: I been in the S.H.U. since 7-18-09. And have not had access to the Law Library. I had to write Allenwood to get my copy of the DHO. report, so I was unaware of facts.

19.   Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment/decision under attack?   ☐ Yes   ☒ No

20.   Give the name and address, if known, of each attorney who represented you in the following stages of judgment/decision attacked herein:

(a)   Preliminary hearing: _____

(b)   Arraignment and plea: _____

(c)   Trial: _____

(d)   Sentencing: _____

(e)   Appeal: _____

(f)   Post-conviction proceeding: _____

(g)   Appeal from any adverse ruling in a post-conviction proceeding: _____

_____

21.   Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time? ☐ Yes   ☐ No

22. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?     ☐ Yes   ■ No

    (a) If so, give name and location of court which imposed sentence to be served in the future:

_____

_____

    (b) Give date and length of the above sentence: _____

_____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?     ☐ Yes   ☐ No

**Wherefore,** the applicant prays that the Court grant applicant relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct.

Executed On: _____ 7-8-10 _____
(Date)

_____ Derrick May _____
Signature of Applicant

United States District Court
For the District of Florida


Derrick O. May
        Pro-Se
Administrative Remedy Appeal 2241
      Petitioner
            V.                          CASE NO.
United States Penitentiary
At Allenwood P.A.
Mr. Martinez (warden)
J. Cerney (DHO.)
Calvin Flowers (C.O)


        Information of Constitutional + Due-Process
            Violations of Rights  2241


      Comes now the Petitioner, Derrick O. May, Pro-se to this
honorable court, and seek's relief for violations for gross
negligence and direct indifference of Petitioner's Due-Process
of law, and other constitutional rights,
      The Petitioner comes to this honorable court and
seeks a modicum of relief to restore the transgressions of
Petitioner's rights and trespassing upon Petitioners Klōz.
The United States of America, and the constitution
ensures that all individuals be treated fairly. The Petitioner
contends that my 6th, 8th & 5th constitutional rights
were violated when the tortfessors of the U.S.P at Allenwood
PA. Knowingly and with delibrate indifference. Violated the
Petitioners right to Due-Process


                pg (1) of (8)

## History Of Procedural Misconduct

On July 18th 2008, the Petitioner, Derrick O'Flay, was charged with an institutional "Incident Report" of misconduct for the incident of "Assaulting Another Person," Code 101, of the Bureau of Prisons, inmate disciplinary procedures. The actual writing of this report was delayed due to the incident report being referred to the Federal Bureau of Investigation (F.B.I.) for possible prosecution. After the report was returned to the institution, "denied" for prosecution.

Then the institution wrote the "Incident Report" on August 11th 2008. The D.H.O. hearing officer made no entry as to when "The Incident Report" was returned to the institution from the F.B.I.

The Petitioner, reasons that when the report was returned back to the institution denied for prosecution. Then the Petitioner, rights of Due-Process automaticly begins. A "Incident Report," is to be written with-in 24 hours of staff becoming aware of the incident. In this case the 24 hours started upon accipt of the incident report from the F.B.I.

The D.H.O. T. Cerney is in error, and violation of Petitioner's due process by not noting this fact. The Petitioner reasons that the D.H.O. T. Cerney, as the (fact finder), in these proceeding is responsible for the rights of all inmates who come before him, in a disciplinary procedure. During the investigation of Lt. Reynolds, while delivering the incident report to Petitioner, the petitioner made the statement, " He understood his "Miranda Rights" and reserved his statement for the D.H.O. (quote) "I Have No comment," The petitioner also exercised his right to remain silent when he recieved his U.D.C. hearing by his unit team _____ pg(2) of (3)

## History Of Procedural Misconduct

At the time of his UDC hearing the Petitioner, requested Staff Representation, and requested Correctional Officer. C. Flowers of Unicor to re-present him at the DHO hearing.

The petitioner, reasons that C. Flowers, violated his due process rights, when he did not advise the DHO, that he "was not" familiar with the procedures of the Disciplinary hearing or what it entails to protect an inmates right of due process.

The Petitioner, reasons that the DHO T. Cerney, violated his due-process when he did not make sure, that the Staff Representative was familiar with the Disciplinary process.

All staff representatives responsibilities are noted to them (Sec) BP-S306.052, (revised May 1994) and replaces BP-S306 (52) of (Jan 1988) There may be questions as to just which part an employee takes when that employee serves as a Staff representative for an inmate who appears before the DHO.

Generally, their role is to help the inmate present the best defence possible to the charged violations. The warden, the DHO, the reporting officer, investigating officer, witnesses to the incident, and U.D.C. members involved in the case may not act as staff repre-sentative. If during their representation, they encounter difficulties which they believe will prevent them from functioning properly, they should notify the DHO of this, and he will excuse them if there is good reason.

(1) Staff representatives are to assist the inmate in presenting whatever information the inmate wants to present and in preparing a defence. This will require, (in every case consultations with the inmate and familiarity with the inmate discipline program, statement)

Pg(3) of (8)

## History of Procedural Misconduct

2) You the staff rep, are to speak to witnesses who might furnish evidence on behalf of the inmate, if the inmate indicates there are such witnesses whom the inmate wishes to have called. You may question witnesses requested by the inmate who are called before the D.H.O.

3) You the staff rep, should become familiar with all reports relative to the charge against the inmate. Confidential or security information must of course be protected and may not be shared with any other person including inmates, staff, visitors, attorneys, etc. Any request for confidential information should be directed to the D.H.O.

4) You should present any evidence favorable to the inmates defense.

5) Staff rep, should present information which may assist the D.H.O, and which may obtain a lesser sanction for the inmate. If staff believe they need additional time to pursue any of the functions, they may request a delay in the hearing from the D.H.O, but ordinarily only after you have the concurrence of the inmate to do so.

6) Staff rep, are to help an inmate understand the charges and the potential consequences.

7) Staff rep, should be familiar with procedures at the hearing, explain them to the inmate in advance, and, if necessary, during the hearing, assist the inmate in understanding procedural points.

pg. (4) of (8)

## History Of Procedural Misconduct

(8) Staff rep, should not be present during deliberations by the D.H.O. An exception would be if Staff Rep. had to read confidential information, and want to discuss that with the D.H.O. Outside the inmates presence. In that case, you will have to explain to the inmate, in general terms, what you are doing, and you should leave the so soon as the function is over.

(9) If the inmate asks you to assist in writting an appeal from the D.H.O. action you should assist the inmate in doing so.

All functions mentioned above are the duties of a staff representative, by the policy of the Bureau of Prisons, and the Department of Justice. and layed out in the Program Statement (see form) BP-S.30(a).052 (May 994) that is to be signed by the Staff Representative. stating they understand and agree to the responsibilities of a Staff Rep.

No such document exist in this case and even if it did it would strengthen the petitioners cry for help. In its self is reason for expungment of this incident report. As the Court can plainly see in the D.H.O.'s report (see D.H.O. Report at (pg 1)(sec 2)(sub sec E), that the only function C. Flowers staff rep. engaged in was speaking with the Petitioner one time. Mr. C. Flowers did not review any documents or interview any witnesses or examine any material evidence. The only question Mr. C. Flowers raised was, "if inmate Smith had been interviewed." The D.H.O. advised there was no indication Smith had been interviewed. Both the D.H.O. and C. Flowers, should of delayed the hearing until a

pg (5) of (8)

## History Of Procedural Misconduct

written documentation could be retained from inmate Smith, whom is a main character in this incident, and who's statement very well may have proved the Petitioners innocence.

The matter of guilty or not guilty is in question here, but the continuance of 4th violation to ones constitutional rights, see Boyley v Elliot (1982) 167 US 409, 42 L Ed 215, 175 Ct 841. Also see Green v Bock Laundry Mach. Co (1989) 490 US 504, 104 L Ed 2 d 557, 109 S Ct 1981, 27 Fed. Rules of Evid Serv 577.

Again the DHO hearing officer is clearly violating the petitioners right to due process, when he did ask for written documentation as to the delay of the incident report from Lt. C. Nye, nor did the DHO question or ask for written documentation to verify Lt. C. Nye's statement that the hospital was conducting an investigation of possible sexual assault, the medical dept was refered to as an intity, and left no way for the petitioner to question a potential witness.

Furthermore the Staff at the United States Penitentiary At Allenwood PA, violated the petitioners rights by not giving him or explaining to him his rights at the DHO hearing. The United States Department of Justice, and the Federal Bureau of Prisons Policy is to have all inmates, sign a "Inmate Rights At Disciplinary Form." See BP-S293.052 that replaced the old BP-S293(52) of (Jan. 1983).

pg. (6) of (8)

## Grounds to Seek Relief

The Petitioner, Derrick O'May, Pro se, come to this honorable court to seek relief after exhausting all administrative remidies. BP-10 and BP-11 attached. Inmates who fail to exhaust their administrative remedies before filing a civil rights action pursuant to 42 U.S.C § 1983 may have their civil complaint dismissed. The Prison Litigation Reform act of 1995, 42 U.S.C § 1997 e(a) (PLRA) provides that no action shall be brought with regard to prison conditions by a prisoner until he has exhausted administrative remedies before instituting civil action for damages. See Wyatt v. Terhune, 315 F. 3d 1108, 1119 (9th Cir 2003).

The petitioner argues that the BOP shall designate the place of the prisoner's confinement but does not have the authority to strip an individual of his rights to due Process.

## Relief Sought

The Petitioner comes to this honorable court to seek relief for the infringements upon his 5th 6th & 8th Amendments of the Constitutions of the United States Of America. The Petitioner seek only a fair judgement and a modicum of relief. He begs this honorable court to issue an order to the Bureau Of Prisons, to expunge the incident in question. Even though the court see's this relief as small, it is detrimental to the petitioner when he is scored by his Unit Team for custody clearance and Institutional placement and clearexate for certain jobs. That is not available to him as long as this incident is scored on his classification.

pg (7) of (8)

Also, to expunge the incident Report is implied. My Rights were violated and my property was stolen and I'm still in the ShU. as A result of this matter.

So, I'm asking for a sentence reduction. I have A front and A back number. The front is 50 the back life. I ask that the back number be tAken off. And the front be reduced by 15 years.

And $10,000 for being overly punished by the B.O.P. in this matter.

## In Summary

The Petitioner, Derrick O. May, Pro-se, reasons with this honorable Court that the Constitutional violations layed out in this information is gross negligence and graphic indifference. When an inmate goes before a D.H.O. hearing officer he is soully at the mercy of the D.H.O. The D.H.O. as a fact finder, is responsible for an inmate rights. The same goes for a staff Representative who signs a form saying he or she will be responsible for protecting an inmate's rights. Normally an inmate is confined in segregation when fighting an incident report of this magnitude. When he asks for a staff rep, he puts his trust in that person and should recieve the best representation that person is capable of. As the court can see this is a complete negligence & gross indifference.

"Further the Petitioner sayeth not."

pg. (8) of (8)

Declaration of
Derrick O. May

I Derrick O. May, hereby state and declare
as follows:

(1) I am the Petitioner in the above-entitled
action.

(2) That on 4-6-10 a copy of the above
entitled action was mailed postage pre paid
to the United States District Court, For the Central
District of California.

(3) That on 4-6-10, a copy of the above styled
and entitled action was mailed postage pre-paid
to the Warden, Mr. Matinez, at the United States
Penitentiary at Allenwood Pa.

I declare under the penalty of perjury that the
foregoing is true and correct to the best of my knowledge.

Date: 4-6-10

x Derrick May
Derrick O. May          petitioner

U.S. ~~artment of Justice

Federal Bureau of Prisons

Central Office Adm.   trative Remedy Appeal

*62*
*12-10-08*
*E.FF*

---

Type or use ball-point pen.  If attachments are needed, submit four copies.  One copy each of the completed BP-DIR-9 and BP-DIR 10, including any attachments must be submitted with this appeal.

From: **May DeRRick O.**        **30314-007**   **SHU**   **USP Allenwood**
          LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.       UNIT        INSTITUTION

Part A—REASON FOR APPEAL I'm appealing the decision of the Northeast Regional office of the BP-10 because I was assaulted. Pg.3 of the I/R states that Solis #39618-060 the only witness on the compound said that "Smith swung first" at May. Smith came in my cell not to look to borrow anything. I don't know where that came from, Smith came in my cell and attacked me. Meaning he lead me to believe I was going to be raped. He verbally threatened me, he was intimidating me and he assaulted and inapproprit ly touched me. According to the Inmate Information Handbook, Sexual Abuse/Assault Prevention and Intervention sexual abuse/Assault is defined as one or more inmates engaging in or attempting to engage in a sexual act with another inmate or the use of threats, intimidating, inappropriate touching or other action and or communication by one or more inmates aimed at coercing and or pressuring another inmate to engage in a sexual act. Further more according to the inmate handbook I have the right to be safe from unwanted sexual advances and act. My situation is the quintessence of B.O.P. policy. I had no choice but to defend myself. Understand that most of this O.I.O report is hyperbole. hypothesis to make me seem to be a very violent person when in fact at the time I felt that I was fighting for my life. I never admitted to assaulting anyone. I alway said that I was being almost sexually assaulted by inmate Smith but he hit me. So I got assaulted.

__12-10-08__                                      __Derrick O. May__
       DATE                                         SIGNATURE OF REQUESTER

Part B—RESPONSE

**RECEIVED**

DEC 2 3 2008

Administrative Remedy Section
Federal Bureau of Prisons

---

          DATE                                    GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE                CASE NUMBER: __514784-A1__

Part C—RECEIPT                                 CASE NUMBER: _____

Return to: _____
              LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT         INSTITUTION
SUBJECT: _____

          DATE                    SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL      BP-231(13)
USP LVN                                                                               APRIL 1982

BP-S288.052 INCIDENT REPORT C 2M
MAY 1994.
U.S. DEPARTMENT OF JUSTICE                           β 211                    FEDERAL BUREAU OF PRISONS

---

**1. Name Of Institution:USP Allenwood**

### Part I - Incident Report                          1765179

| 2. Name Of Inmate<br>May, Derrick | 3. Register Number<br>30314-007 | 4. Date Of Incident<br>07-18-2008 | 5. Time<br>9:21 pm |
|---|---|---|---|
| 6. Place Of Incident<br>Unit 1B Cell 213 | 7. Assignment<br>Unassg Shu | 8 . Unit<br>1B | |

| 9. Incident<br>Assaulting Another Person | Code<br>101 |
|---|---|

**11. Description Of Incident (Date:08-11-2008   Time: 1400 pm_____ Staff become aware of incident)**

On 08-11-2008 an investigation concluded into the assault of inmate Smith, Steven, Register Number # 02256-000. The results of this investigation conclude that on July 18, 2008 at approximately 9:20 pm, inmate Smith entered cell 213, assigned to inmate May, Derrick, Register number 30314-007, and inmate Solis, Reynaldo, Register Number 39618-060, in order to speak to May concerning a magazine in which inmate Smith wanted to borrow. At some point in this conversation an argument ensued, leading to a physical altercation. At approximately 9:30 pm the unit 1B officer responded to a duress alarm in cell 213 and found inmate Smith lying in a pool of blood, unresponsive, and unconscious. Inmate Smith was removed from the cell and transported to a local hospital for treatment. Video monitoring of this cell reveals that at approximately 9:21 p.m. inmate Smith enters cell 213 in unit 1B. He is not observed leaving until staff carry him out on a stretcher at approximately 9:31 pm. At approximately 9:22 inmate May is observed on the recording leaving the cell and walking toward the unit officer. During an interview with inmate May, he admitted assaulting inmate Smith. Evidence in the form of clothing revealed spatter, which is believed to be blood, on the boot of inmate May. The location of this evidence suggests inmate may was kicking inmate Smith. The injuries sustained by inmate Smith are consistent with that of being kicked in the head. All video monitoring of recorded material was reviewed by this officer.

| 12. Signature Of Reporting Employee | Date And Time<br>08-11-2008<br>1400 pm | 13. Name And Title (Printed)<br>George Nye, Lieutenant |
|---|---|---|
| 14. Incident Report Delivered To Above Inmate By | 15. Date Incident<br>Report Delivered<br>8-11-08 | 16.time Incident<br>Report Delivered<br>1945 |

### Part II - Committee Action

**17. Comments Of Inmate To Committee Regarding Above Incident** Inmate May, Derrick #30314-007 was advised of his rights before the UDC and stated he understood his rights. Inmate May stated "I have no comment."

| 18. A. It Is The Finding Of The Committee That You:<br>_____ Committed The Following Prohibited Act..<br><br>_____ Did Not Commit A Prohibited Act. | B. XXX  The Committee Is Referring The Charge(s) To The DHO For Further Hearing.<br>C._____  The Committee Advised The Inmate Of Its Finding And Of The Right To File An Appeal Within 15 Calendar Days. |
|---|---|

**19. Committee Decision Is Based On The Following Information**
Due to the severity of the alleged misconduct, the UDC is referring this report to the Disciplinary Hearing Officer for final disposition .

**20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act)** The committee recommends the following sanctions if inmate May is found to have committed the prohibited act, code 101. Impose 60 days ~~disciplinary segregation and loss of GCT.~~

**21. Date and Time of Action** 08/13/2008  11:40 AM
~~G. Wotzenstein~~                       E. Fisher



**U.S. DEPARTMENT OF JUSTICE**

Federal Bureau of Prisons
*U.S. Penitentiary, Allenwood*

---

*White Deer, PA 17887-3500*

August 13, 2008

MEMORANDUM FOR: May, Derrick
                   Reg No. 30314-007
                   UNIT IB

FROM            G. Hottenstein, UDC Chairman

RE:               Incident report #1765179

This continuation sheet is being drafted, because there are no available lines for the UDC committees actions to be entered on the original report.

**Section 17** - Comments of inmate to Committee regarding incident:

Inmate May, Derrick #30314-007 was advised of his rights before the UDC and stated he understood his rights. Inmate May stated "I have no comment."

**Section 18** - ___ Committed the prohibited act
                 ___ Did not commit the prohibited act
                 ___ Committee referring the charge(s) to the DHO
                 ___ Committee advised inmate of findings and
                      Right to appeal within 15 calender days

**Section 19** - Committee decision based upon following information:

Due to the severity of the alleged misconduct, the UDC is referring this report to the Disciplinary Hearing Officer for final disposition.

**Section 20** - Committee finding and/or recommendation to DHO:

The committee recommends the following sanction if inmate May is found to have committed the prohibited act, code 101. Impose 60 days disciplinary segregation and loss of GCT.

**Section 21** - Date and time of action: August 13, 2008 11:40 AM

G. Hottenstein
   Chairman

E. Fisher
     Member

               Member

DISCIPL'    ARING OFFICER REPORT
U.S. DEPARTMENT OF JUSTICE



BP-S305.052 MAY 94
FEDERAL BUREAU OF PRISONS

| INSTITUTION | USP ALLENWOOD | INCIDENT REPORT NUMBER | | 1765179 |
|---|---|---|---|---|
| INMATE NAME | MAY, Derrick | REG NO. 30314-007 | UNIT IB | |
| DATE OF INCIDENT | 07/18/2008 | DATE OF INCIDENT REPORT | | 08/11/2008 |
| OFFENSE CODE(S) | 101 | | | |
| SUMMARY OF CHARGES | Assaulting Any Person. | | | |

**I.   NOTICE OF CHARGE(S)**

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on

(date)   08/11/2008   (at)       1945       (by)       C. Reynolds, Lt.

B. The DHO Hearing was held on (date)       10/23/2008       (at)       1110

C. The inmate was advised of his rights before the DHO by (staff member):

G. Hottenstein, Counselor       on (date)       08/13/2008       and a copy

of the advisement of rights form is attached.

**II.   STAFF REPRESENTATIVE**

| A. Inmate waived right to staff representative. | Yes | | No | XX |
|---|---|---|---|---|

B. Inmate requested staff representative and       C. Flowers, UNICOR       appeared.

C. Requested staff representative declined or could not appear.  The inmate was advised
of the option to postpone hearing to obtain another representative with the result: N/A

| D. Warden appointed Rep. | | | | appeared. |
|---|---|---|---|---|

E. Staff representative statement:

Staff Representative, C. Flowers noted no discrepancies in the discipline process.
Further, he met with MAY in advance of the hearing to discuss the case.  Representative
Flowers stated he had spoken with MAY regarding the incident and MAY had told him how
the event happened.  MAY stated Smith #02256-000, attempted to sexually assault him and
MAY only defended himself after Smith punched him.  Mr. Flowers questioned as to Smith's
interview in regard to the incident.  The DHO advised there was no indication Smith had
been interviewed.

**III.   PRESENTATION OF EVIDENCE**

| A. Inmate admits | | denies | X | neither | | |
|---|---|---|---|---|---|---|

B. Summary of inmate statement:

At the onset of this hearing, MAY was advised of his Rights before the DHO, indicated he
understood them (waived witness testimony) and chose to provide the following statement:

"The report is bogus.  There was no kicking whatsoever.  I punched him.  You see I
pulled a ligament in my finger.  Me, Smith and Solis (MAY's cellmate) were in the cell
at the time.  I was sitting in a chair against the wall.  He came in and was going on
about taking off my pants.  I just stayed in the chair, let him rant and hoped he would
leave.  He hit me first.  I didn't know what he might have; like a knife.  It was quick.
It went on for only like a minute.  My adrenalin was pumping.  I didn't mean for it to
get that bad."  The DHO questioned MAY as to how many times he struck Smith.  MAY stated
he did not want to say.

Page 1 of 5

No procedural issues were c...ed, nor was any documentary evi...ace provided for consideration.

The DHO noted a delay in the discipline process. This was due to the case being referred to the Federal Bureau of Investigation for possible prosecution charges.. Reporter G. Nye, documented to the DHO that he delayed his writing of the incident report in this case due to him awaiting information from medical services as to whether or not Smith would survive his injuries. Once advised as such, the incident report was written (08/11/2008). Once the case was received by the DHO, it was delayed further, to ensure proper processing in regard to the allegation of a sexual assault upon MAY. Documentation was received from institution staff which convinced the DHO procedures had been followed. Noted, it was documented no sexual assault was substantiated. The DHO did not believe this delay infringed upon MAY's ability to defend himself against the charge, nor did the inmate address it as an issue. With this, the hearing was continued.

Evidence was verbally provided by the DHO to the extent believed practical under FOIAE/PA policy. Staff Representative, C. Flowers was disclosed all documents in reference to this case.

| C. Witness(es): | | | | |
|---|---|---|---|---|
| 1. The inmate requested witness(es). | Yes: | | XX | No |

2. The following persons were called as witnesses at this hearing and appeared. (Include each witnesses' name, title, reg number and statement as appropriate.)

3. The following persons requested were not called for the reason(s) given:

At the time of the hearing, MAY informed the DHO he wanted Solis # 39618-060 and Smith #02256-000 be called as witnesses. Upon questioning by the DHO as to suspected testimony of each, MAY said he did not know what they may say, only that he (MAY) wanted the request to be on the record for "appeal purposes."

Given the circumstances of this witness request (no known testimony), the DHO did not request testimony, or statements from Solis or Smith. Noted, it was verbally explained to MAY the witnesses would not be called without suspected testimony relayed to the DHO by MAY. MAY stated he understood.

| 4. Unavailable witnesses were requested to submit written | Yes | | No | | N/A | X |
|---|---|---|---|---|---|---|

D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents:

Memorandum dated September 7, 2008, from G. Nye, SIS Lieutenant.
Memorandum dated July 18, 2008, from C. McConnell, Lieutenant.
Memorandum dated July 18, 2008, from Tim Witter, Correctional Officer.
Memorandum dated July 18, 2008, from R. Hessek, Senior Officer.
Memorandum dated July 18, 2008, from E. Bartlow, Senior Officer.
Memorandum from M. Saylor, Senior Officer Specialist.
Memorandum dated July 18, 2008, from C. Reynolds, Lieutenant.
Memorandum from J. Raleigh, dated September 16, 2008.
Memorandum from G. Nye, dated September 4, 2008.
Memorandum from Todd W. Cerney, date August 27, 2008.
Clinical Encounter forms for Solis #39618-060, Smith #02256-000 and MAY.
Photograph/photocopies of MAY, Solis #39618-060, Smith #02256-000 and blood on floor of cell.

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because:

N/A

| IV. FINDINGS OF THE DHO | |
|---|---|
| X | A. The act(s) was/were committed as charged. |

B. The following act(s) was/were committed:

C. No prohibited act(s) was/were committed:  Expunge according to PS 5270.07.

V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.)

During this discipline hearing regarding MAY, Derrick, Register No. 30314-007, for the charge of Assaulting Any Person, Code 101, the following information was evidentiary and documented by the DHO in his findings.

MAY's involvement in the incident, as noted in Section 11 of Incident Report 1765179, as provided by George Nye, Lieutenant, was reviewed. Paraphrased, George Nye writes: On August 11, 2008 an investigation concluded into the assault of inmate Smith, Steven #02256-000. The results of this investigation conclude that on July 18, 2008, at or about 9:20 p.m., inmate Smith entered Cell 213, assigned to inmate MAY, Derrick #30314-007 and inmate Solis, Reynaldo #39618-060, in order to speak to MAY concerning a magazine in which inmate Smith wanted to borrow. At some point in this conversation an argument ensued, leading to a physical altercation. At approximately 9:30 p.m., the unit IB officer responded to a duress alarm in Cell 213 and found inmate Smith lying in a pool of blood, unresponsive and unconscious. Inmate Smith was removed from the cell and transported to a local hospital for treatment. Video monitoring of this cell reveals that at approximately 9:21 p.m., inmate Smith enters Cell 213 in Unit IB. He is not observed leaving until staff carry him out on a stretcher at approximately 9:31 p.m. At approximately 9:22 p.m., inmate MAY is observed on the recording leaving the cell and walking toward the unit officer. During an interview with inmate MAY, he admitted assaulting inmate Smith. Evidence in the form of clothing revealed spatter, which is believed to be blood, on the boot of inmate MAY. The location of this evidence suggests inmate MAY was kicking inmate Smith. The injuries sustained by inmate Smith are consistent with that of being kicked in the head. All video monitoring of recorded material was reviewed by this officer.

Inculpatory evidence in the form of a memorandum from Tim Witter, dated July 18, 2008, stated at 9:35 p.m., he responded to check a duress alarm in Cell 213. When he arrived, he saw Smith #02256-000 lying on the floor. A memorandum from R. Hessek, dated July 18, 2008, indicated his response to Unit IB, Cell 213. As he entered the scene, he saw Smith lying on the floor of the cell unresponsive to staff orders. A memorandum from E. Bartlow, dated July 18, 2008, indicated his response in this case. Officer Bartlow stated he approached Cell 213 and found Smith lying on the cell floor bleeding from the face and unresponsive. A memorandum from M. Saylor, stated on July 18, 2008, at approximately 9:00 p.m., he reported to Unit IB. When he approached Cell 213, he saw Smith lying on the floor of the cell unresponsive. Further, the inmate had injuries to his face and head. A memorandum from C. Reynolds, dated July 18, 2008, indicated his response in this instance. He noticed Smith in Unit IB, Cell 213, lying on the floor bleeding from the face and head. He noted Smith as breathing heavy at times. Also cited, MAY was taken to Health Services with a swollen right hand. A Clinical Encounter form on Smith, completed by Edward Donlin, Emergency Medical Technician (EMT), cited Smith with difficult breathing and head trauma. He was lying on the floor unresponsive to stimuli. Once he was taken to Health Services, EMT Donlin suctioned Smith's airway, which had "copious amounts of blood." Smith was placed on oxygen with a non-rebreather mask. Smith was documented with swelling around the right eye and about the nose. There was bleeding from both nostrils and blood in his mouth. Further, he had a one centimeter laceration near his left eyebrow. Ultimately, Smith was Life-Flighted from the area. An injury assessment on MAY, cited swelling to the back of his right hand and behind the knuckles. Further, he was assessed with abrasions on the knuckles of his right hand. Photographs of both Smith and MAY were reviewed at this hearing.

Potentially exculpatory evidence was noted in the form of a memorandum from C. McConnell, dated July 18, 2008. In this, Lieutenant McConnell cited an interview with Solis #39618-060. In this, Solis advised of a verbal argument between MAY and Smith in this case. Solis stated that Smith "swung first" at MAY. Lieutenant McConnell's interview with MAY, cited Smith's approach of MAY, requesting "some ass." Further, MAY proclaimed Smith tried to pull his pants down. In relation, MAY struck Smith in self defense. EMT Duttry, cited in his medical assessment of MAY, MAY's statements of "he was trying to rape me. He was coming at me, trying to pull my pants down." A

memorandum from Tim Witter, ...ted his response to Cell 213, ...it IB, in this case. With this, MAY informed Officer Witter that Smith attempted to rape him.

As previously indicated, Lieutenant G. Nye, proclaimed MAY stated that no sexual assault took place in this case. Lieutenant Nye noted outside law enforcement was involved in this interview. Finally, a memorandum from J. Raleigh, Associate Warden, co-signed by Donn C. Troutman, Acting Associate Warden, assured no further investigation was required into the alleged sexual incident.

Upon questioning by the DHO, MAY denied the charge. He elaborated upon his plea by stating, "The report is bogus. There was no kicking whatsoever. I punched him. You see I pulled a ligament in my finger. Me, Smith and Solis (MAY's cellmate) were in the cell at the time. I was sitting in a chair against the wall. He came in and was going on about taking off my pants. I just stayed in the chair, let him rant and hoped he would leave. He hit me first. I didn't know what he might have; like a knife. It was quick. It went on for only like a minute. My adrenalin was pumping. I didn't mean for it to get that bad." The DHO questioned MAY as to how many times he struck Smith. MAY stated he did not want to say. MAY's claim of striking out at Smith in an act of self defense due to an impending sexual assault was found without merit. As previously cited, institution staff have assured this incident was fully investigated. Whatever rationale was behind the incident, which potentially included Smith initially striking out at MAY and MAY striking out in kind; MAY continually striking the victim until unconscious and profusely bleeding was believed by the DHO to be assaultive. MAY admittedly punched Smith, while denying any kicking. The DHO believed Lieutenant Nye's hypothesis of MAY kicking Smith, due to the type of blood spatter in this case highly plausible. Photographic evidence did show blood splattered on the floor of the cell, around Smith's head. However, the injury to MAY's hand certainly supported him striking Smith additionally with his fist. Continuing, MAY's contention that he believed Smith potentially harbored a weapon, was not believed by the DHO to have been any legitimate rationale to beat Smith unconscious. Noted, there was no indication Smith possessed any type of weapon. Given the blunt force trauma to Smith, necessitating transportation via Life Flight for hospital treatment, the DHO believed the serious assault charge valid. Blunt force trauma to the head of this type, has the ability to cause serious and/or mortal injury due to blood loss or brain injury.

After the consideration of evidence listed in Sections III and V of this report and documented above, the DHO has drawn the conclusion the greater weight of the evidence, listed in paragraphs two, three and six above, supports the finding MAY, Derrick, Register No. 30314-007, committed the prohibited act of Assaulting Any Person, Code 101, on July 18, 2008, at or about 9:21 p.m., in Unit IB, Cell 213, USP Allenwood, PA.

| VI. SANCTION OR ACTION TAKEN |
|---|

Code 101 - 60 Days disciplinary segregation.

      6 Months loss of commissary privileges, concluding 04-22-2009.

      6 Months loss of telephone privileges, concluding 04-22-2009.

      6 Months loss of visitation privileges, concluding 04-22-2009.

*All sanctions are to be served consecutive to like sanctions previously imposed.

| VII. REASON FOR SANCTION OR ACTION TAKEN |
|---|

MAY's assault of another inmate threatens not only the safety of the victim, but staff and other inmates. In a correctional setting, an apparent isolated incident often escalates to involve others. Behavior of this type denotes an unwillingness to problem solve in an appropriate manner; one other than violence. Accordingly, disciplinary segregation and loss of commissary, telephone and visitation privileges are sanctioned in an effort to punish MAY for this type of behavior.

```
ATWC5            *          INMATE DISCIPLINE DATA         *      12-29-2009
PAGE 001 OF 001 *       CHRONOLOGICAL DISCIPLINARY RECORD   *      11:18:34

REGISTER NO: 30314-007 NAME..: MAY, DERRICK O
FUNCTION...: PRT       FORMAT: CHRONO     LIMIT TO ___ MOS PRIOR TO 12-29-2009

------------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1765179 - SANCTIONED INCIDENT DATE/TIME: 07-18-2008 2121
DHO HEARING DATE/TIME: 10-23-2008 1110
FACL/CHAIRPERSON.....: ALP/CERNEY
APPEAL CASE NUMBER(S): 514784
REPORT REMARKS.......: INMATE APPROACHED MAY IN HIS CELL AND HE BEAT HIM
                       UNCONSCIOUS.
    101  ASSAULTING WITH SERIOUS INJURY - FREQ: 1 ATI: IG3 RFP: D
         DS        / 60 DAYS / CS
         COMP:    LAW:
         LP COMM   / 6 MONTHS / CS
         COMP:    LAW:     THROUGH 04-22-2009.
         LP PHONE  / 6 MONTHS / CS
         COMP:    LAW:     THROUGH 04-22-2009.
         LP VISIT  / 6 MONTHS / CS
         COMP:    LAW:     THROUGH 04-22-2009.
------------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1195185 - SANCTIONED INCIDENT DATE/TIME: 02-25-2004 0850
UDC HEARING DATE/TIME: 02-27-2004 0745
FACL/UDC/CHAIRPERSON.: ALP/I/SOLOMON
REPORT REMARKS.......: INMATE ADMITS HAVING BLANKETS ON FLOOR DURING SAFETY
                       INSPECTION.
    317  FAILING TO FOLLOW SAFETY REGS - FREQ: 1
         LP COMM   / 30 DAYS / CS
         COMP:    LAW:     LOSS OF COMMISSARY 2/27/04 THRU 3/28/04 TO ENTICE
                          BETTER BEHAVIOR.


G0005     TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

BP-'/306.053 **DUTIES OF STAFF ~ RESENTATIVE** CDFRM
MAY 1994
**U.S. DEPARTMENT OF JUSTICE**                                      **FEDERAL BUREAU OF PRISONS**

U.S.P. ALLENWOOD
Institution

TO:    All Staff Representatives

FROM:   Warden

There may be questions as to just which part an employee takes when that employee serves as staff representative for an inmate who appears before the DHO.  Generally, your role is to help the inmate present the best defense possible to the charged violations.  The Warden, the DHO, the reporting officer, investigating officer, a witness to the incident, and UDC members involved in the case may not act as staff representative.  If, during your representation, you encounter difficulties which you believe will prevent you from functioning properly, you should notify the DHO of this, and he will excuse you if there is a good reason to do so.

(1)  You are to assist the inmate in presenting whatever information the inmate wants to present and in preparing a defense.  This will require, in every case, consultations with the inmate, and familiarity with the Inmate Discipline Program Statement.

(2)  You are to speak to witnesses who might furnish evidence on behalf of the inmate, if the inmate indicates there are such witnesses whom the inmate wishes to have called.  You may question witnesses requested by the inmate who are called before the DHO.

(3)  You should become familiar with all reports relative to the charge against the inmate.  Confidential or security information must of course be protected and may not be shared with any other person, including inmates, staff, visitors, attorneys, etc.  Any request for confidential information should be directed to the DHO.

(4)  You should present any evidence favorable to the inmate's defense.

(5)  You should present information which may assist the DHO and which may obtain a lesser sanction for the inmate.  If you believe you need additional time to pursue any of the functions, you may request a delay in the hearing from the DHO, but ordinarily only after you have the concurrence of the inmate to do this.

(6)  you are to help an inmate understand the charges and the potential consequences.

(7)  You should be familiar with procedures at the hearing, explain them to the inmate in advance, and, if necessary during the hearing, assist the inmate in understanding procedural points.

(8)  You should not be present during deliberations by the DHO.  An exception would be where you have read confidential information, and want to discuss that with the DHO outside the inmate's presence.  In that case, you will have to explain to the inmate, in general terms, what you are doing, and you should leave the room as soon as that function is over.

(9)  If the inmate asks you to assist in writing an administrative appeal from the DHO action, you should assist the inmate in doing so.

I have read the "Duties of Staff Representative" and (agree) (do not agree) to serve as staff representative for inmate

DERROLIC MAY_____, reg no. 30314-007 in the inmate's appearance before the DHO.  I do not agree for the following reason _____

Printed Name/Signature of Employee; C. Flowers  CFL_____  Date; 8-26-08

Record Copy - DHO.

(This form may be replicated via WP)

Replaces BP-306(52) of JAN 88

| VIII. APPEAL RIGHTS: The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate. | | | | | |
|---|---|---|---|---|---|
| | Yes | X | No | | |
| IX. DISCIPLINE HEARING OFFICER | | | | | |
| Printed Name of DHO | Signature of DHO | | | Date | |
| Todd W. Cerney | | | | 10-28-08 | |
| Report sent to inmate by | Signature: | | | Date: 10-30-08 | |

Page 5 of 5

U.S. Department of Justice

Federal Bureau of Prisons

**Inmate Rights At Discipline Hearing**

_USP ALLENWOOD_
Institution

As an inmate charged with a violation of Bureau rules or regulations referred to the Discipline Hearing Officer (DHO) for disposition, you have the following rights:

1. The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the Discipline Hearing Officer;

2. The right to have a full-time member of the staff who is reasonably available to represent you before the Discipline Hearing Officer;

3. The right to call witnesses (or present written statements of unavailable witnesses) and to present documentary evidence in your behalf, provided institutional safety would not be jeopardized;

4. The right to present a statement or to remain silent. Your silence may be used to draw an adverse inference against you. However, your silence alone may not be used to support a finding that you committed a prohibited act;

5. The right to be present throughout the discipline hearing except during a period of deliberation or when institutional safety would be jeopardized. If you elect not to appear before the DHO, you may still have witnesses and a staff representative appear on your behalf;

6. The right to be advised of the DHO's decision, the facts supporting that decision, except where institutional safety would be jeopardized, and the DHO's disposition in writing; and,

7. The right to appeal the decision of the DHO by means of the Administrative Remedy Procedure to the Regional Director within 20 calender days of notice of the DHO's decision and disposition.

I hereby acknowledge that I have been advised of the above rights afforded me at a hearing before the Discipline Hearing Officer. I have further been advised that if I have previously received either a presumptive or effective parole date from the Parole Commission, a finding by the DHO that I committed the prohibited act(s) may result in a rescission or retardation by the Parole Commission of the presumptive or effective parole date.

Signed: _X Derrick Pro_      Reg. No.: _30314-007_ Date: _EFF # 8-13-0V_
Inmate Signature

Notice of rights given to inmate _8-13-08/ 1140_      by _EFI G. HOTTENSTEIN/AL_
Date/Time                    Employee Printed Name/Signature

**Over**

U.S. Department of Justice

Federal Bureau of Prisons

**Notice of Disciplin   earing Before
the Discipline Hearing Officer (DHO)**

USP  ALLEN WOOD
Institution

DATE: _8·13·08_

TO: _DERRELIC MAY_                           Reg. No.: _30314-007_

ALLEGED VIOLATION(S): _ASSAULT ON A ANY PERSON_

DATE OF OFFENSE: _7-18·08_           Code No.: _101_

You are being referred to the DHO for the above charge(s).

The hearing will be held on: _NEXT AVAILABLE DATE_ , at _NEXT AVAIL_ (A.M./P.M.) at the following location:

You are entitled to have a full-time staff member represent you at the hearing.  Please indicate below whether you desire to have a staff representative, and if so, his or her name.

I (do) _✗_ (do not) _✗_ wish to have a staff representative.

If so, the staff representative's name is: _N/A_ _C FLOWERS_

You will also have the right to call witnesses at the hearing and to present documentary evidence in your behalf; provided, calling your witnesses will not jeopardize institutional safety.  Names of witnesses you wish to call should be listed below.  Briefly state to what each proposed witness would be able to testify.

I (do) _✗_ (do not) _✗_ wish to have witnesses.

NAME: _____ , Can Testify to: _____

NAME: _____ , Can Testify to: _____

NAME: _____ , Can Testify to: _____

The Discipline Hearing Officer will call those witnesses (Staff or Inmate) who are reasonably available, and who are determined by the DHO to have information relevant to the charge(s).  Repetitive witnesses and repetitive character references need not be called.  Unavailable witnesses may be asked to submit written statements.

If additional space is needed, use the reverse side of this form.  Date, sign, and return this form to the DHO.

DATE: _8-13-08_           SIGNATURE: _____
_8-13-08_
Notice of hearing before DHO given inmate _1140_ by _G. NOTTENSTEIN/_____
                                        Date/Time                    Employee Printed Name/Signature

USP LVN                         Previous editions not usable                    BP-394(52)
                                                                                JANUARY 1988

C'
11-4-08
E-F-F'

**U.S. Department of Justice**

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: May Derrick O          303/4-007   SHU   Allenwood
      LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.    UNIT    INSTITUTION

**Part A—REASON FOR APPEAL** I am writing to you, to appeal this 101 assault shot. At the time the incident occured I felt that my life and my manhood were in jeopardy. First and foremost I am the victim here, Steve Smith was the aggressor. He tryed to sexually assault me. He came in my cell. I asked him to leave over 20 times. He would not. He hit me and was trying to pull my pants down. He lead me to believe, I was going to be raped. He verbally threated me, he was intimidating me and he assaulted and inappropriately touch me. According to the Inmate information Handbook. Sexual Abuse/Assault Prevention And Intervention. Sexual abuse/assault is defined as One or more inmates engaging in, or attempting to engage in a sexual act with another inmate or the use of threats, intimidating, inappropriate touching or other action and or communiction by one or more inmates aimed at coercing and/or pressuring another inmate to engage in a sexual act. Further more according, to the inmate handbook I have the right to be safe from unwanted sexual advances and acts. My situation is the quintessence of Bop. inmate handbook policy. I had no choice but to defend myself. Understand that most of this DHO report is hyperbole, hypothesis to make me seem to be a very violent person when in fact at tme I felt that I was fighting for my life

11-07-08                    Derrick May
DATE                        SIGNATURE OF REQUESTER

**Part B—RESPONSE**

DATE _____

REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE          CASE NUMBER: 517561-R1

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____     _____     _____   BP-230(13)
USP LVN   DATE       (Removing additional...) @    SIGNATURE RECIPIENT OF REGIONAL APPEAL.     APRIL 1982